DANIEL E. SCOTT, P.J.,
concurring.
I concur. .As to, Point I, cost to. repair or replace was the preferred. measure of damages unless Appellants proved that would cause “unreasonable economic waste.” See, e.g., Kelley v. Widener Concrete Const., LLC, 401 S.W.3d 531, 540-41 (Mo.App. S.D.2013) (contractor’s burden to prove that repair cost would result in unreasonable economic waste); Matt Miller Co. v. Taylor-Martin Holdings, LLC, 393 S.W.3d 68, 84 (Mo.App. S.D.2012) (same).
The trial court heard the evidence and found that Appellants did not carry this burden; that cost of repair or replacement would not be unreasonable economic waste. As in Kelley, the trial court weighed competing testimony, and “credibility of the witnesses and that testimony was for the trial court’s determination as the trier of fact.” 401 S.W.3d at 543. We are not free to reweigh the testimony or second-guess the trial court’s determination' that Defendants did not carry their burden of proving that cost of repair or replacement would be unreasonably wasteful.